UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>             Plaintiff,<br><br>     v.<br><br>D. LOPEZ,<br><br>             Defendant. | Case No. 1:20-cv-01203-JLT-BAK (SKO) (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER AND TO STAY DISPOSITIVE MOTION DEADLINE**<br><br>(Doc. 43) |

Plaintiff Edward B. Spencer is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On May 13, 2022, Defendant moved to modify the Discovery and Scheduling Order. (Doc. 43.) Although the time for Plaintiff to file an opposition or statement of non-opposition to Defendant's motion has not yet passed, *see* Local Rule 230(*l*), the Court finds neither necessary here.

**I.     RELEVANT BACKGROUND AND DISCUSSION**

The Court issued its original Discovery and Scheduling Order in this matter on October 22, 2021. (Doc. 27.) On March 10, 2022, the Court modified the Discovery and Scheduling Order, extending the deadline for completing all discovery to April 5, 2022. (Doc. 39.)

Plaintiff filed a motion to strike his deposition on April 4, 2022. (Doc. 40.) On April 19, 2022, Defendant filed an opposition. (Doc. 41.) The motion remains pending resolution.

On May 13, 2022, Defendant moved to modify the Discovery and Scheduling Order, seeking a stay of the dispositive motion deadline pending this Court's ruling on Plaintiff's motion to strike his deposition. (Doc. 43.) Defendant contends resolution of Plaintiff's motion is necessary because Plaintiff's deposition testimony is potentially necessary to support Defendant's motion for summary judgment. Defendant states that absent a ruling, he does not know whether he can rely upon Plaintiff's deposition testimony. (*Id*. at 2.) If the Court grants Plaintiff's motion, Defendant—who seeks leave to re-notice Plaintiff's deposition in his opposition to Plaintiff's motion in the event of such a ruling—will need to re-notice and conduct Plaintiff's deposition and complete a summary judgment motion by the current deadline of May 23, 2022, absent a stay. If the Court denies Plaintiff's motion, defense counsel requires time beyond that deadline to incorporate Plaintiff's deposition testimony and other evidence into his motion. (*Id*. at 2-3, 5 ¶¶ 3-6.) Defendant therefore requests that the Court stay the dispositive motion deadline until after it has ruled on Plaintiff's motion and reset the deadline as appropriate. (*Id*. at 2.)

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation & internal quotation marks omitted). District courts also have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.3d 681, 685 (9th Cir. 1988). Upon review of Defendant's motion, including defense counsel's supporting declaration, the Court finds good cause to grant the request.

## II.  CONCLUSION AND ORDER

Based on the foregoing, the Court ORDERS:

1. Defendant's motion to modify the discovery and scheduling order (Doc. 43) is GRANTED;
2. The dispositive motion deadline is STAYED; and

//

3. Following resolution of Plaintiff's motion to strike his deposition, the Court will lift the stay and reset any discovery deadline as appropriate.

IT IS SO ORDERED.

Dated:   **May 16, 2022**                                        /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE