UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. LOPEZ,<br><br>　　　　Defendant. | Case No. 1:20-cv-01203-JLT-BAK (SKO) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**<br><br>(Docs. 29 & 31)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Edward B. Spencer is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT BACKGROUND**

On October 29, 2021, Plaintiff filed a "Motion to Strike Defendant Affirmative Defenses to Complaint." (Doc. 29.) Defendant D. Lopez filed a First Amended Answer to Plaintiff's First Amended Complaint on November 17, 2021. (Doc. 30.) On December 15, 2021, Plaintiff filed his "Motion to Strike Defendants First Amended Affirmative Defenses to Complaint." (Doc. 31.) On December 30, 2021, Defendants opposed Plaintiff's latter motion. (Doc. 32.) Plaintiff filed a reply on January 18, 2022. (Doc. 36.)

//

//

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(c) requires the responding party to "affirmatively state any avoidance or affirmative defense" and then provides a nonexhaustive list of affirmative defenses that may be pled in response to vitiate the plaintiff's claim. Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive"). An affirmative defense is an assertion of facts that if proven would defeat or reduce the stated claim. Thus, allegations that merely claim the plaintiff cannot meet its burden of proof or merely reserves the right to identify future defenses is not a proper affirmative defense. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). As a general rule, an affirmative defense may be deemed insufficient either as a matter of law or as a matter of pleading. *Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp.3d 986, 991 (E.D. Cal. 2016). A legally insufficient affirmative defense "lacks merit under any set of facts the defendant might allege." *Id*. As a matter of pleading, the Ninth Circuit has long held that an affirmative defense is insufficient as a matter of pleading if it fails to give the plaintiff "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Gomez*, 188 F.Supp.3d at 991.3 "'[T]he fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Gomez*, 188 F.Supp.3d at 991. "Fair notice ... requires that the defendant state the nature and grounds for the affirmative defense." *Gomez*, 188 F.Supp.3d at 992; *United States v. Gibson Wine Co.*, 2016 WL 1626988, *5 (E.D. Cal. Apr. 25, 2016). Although the fair notice bar is "low" and does not require "great detail" it does require "some factual basis for its affirmative defense." *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 WL 1626988, at *5. Thus, bare references to doctrines or statutes are unacceptable because they "do not afford fair notice of the nature of the defense pleaded." *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 WL 1626988, at *5. The fair notice standard is less demanding than the

*Twombly/Iqbal* standard, and is the standard applied by this Court. *See Xiong v. G4S Secure Solutions (USA) Inc.*, No. 2:19-cv-00508-JAM-EFB, 2019 WL 3817645, at *1 (E.D. Cal. Aug. 14, 2019) ("Consistent with its prior decisions, this Court declines to apply *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) pleading standards to affirmative defenses").

### III.   DISCUSSION

As an initial matter, the undersigned will recommend Plaintiff's first motion to strike (Doc. 29) be denied as moot because Defendant subsequently filed an amended answer (Doc. 30).

### A. Plaintiff's Motion to Strike First Amended Affirmative Defenses (Doc. 31)

Plaintiff contends Defendant is "boilerplating listing of Affirmative Defenses which are irrelevant to the claims asserted." (Doc. 31 at 1.) Plaintiff contends Defendant's "affirmative defenses are vague, conclusory allegations that fail." (*Id*. at 2.)

*1. The First Affirmative Defense*

Defendant's first affirmative defense in the amended answer to Plaintiff's amended complaint reads as follows:

> Defendant is entitled to qualified immunity because no reasonable prison official in his position would believe that the alleged conduct of transferring an inmate to another facility within the same prison, due to safety concerns and for legitimate penological reasons, was unlawful or violated any clearly established statutory or constitutional right of Plaintiff.

(Doc. 30 at 10.)

Regarding the first affirmative defense of qualified immunity, Plaintiff contends a "mere denial of an element of Plaintiff's claim is not an affirmative defense," and that Defendant "has the burden to prove that they are [sic] entitled to qualified immunity." (*Id.* at 3.)

Defendant responds Plaintiff was given ample notice "regarding what his qualified immunity defense will entail, including specific facts concerning the incident" and Defendant denies taking any retaliatory action. (Doc. 32 at 5.) Defendant contends his "denials and facts are sufficient to place Plaintiff on notice of Defendant's qualified immunity defense." (*Id.*)

//


In his reply, Plaintiff concedes having received fair notice as to Defendant's first affirmative defense, (Doc. 36 at 1); thus, his motion to strike Defendant's first affirmative defense should be denied.

### 2. *The Second Affirmative Defense*

Defendant's second affirmative defense states: "To the extent Plaintiff is suing Defendant in his official capacity, the FAC is barred by the Eleventh Amendment of the United States Constitution." (Doc. 30 at 10.)

Plaintiff contends Defendant "provided no facts that would indicate Plaintiff is suing Defendants [sic] in his official capacity." (Doc. 31 at 4.)

Defendant responds that "while Plaintiff's FAC does state Defendant 'is being sued in his individual capacity,' it also makes allegations related to Defendant's official capacity — for example, Plaintiff's FAC alleges that '[a]s Correctional Lieutenant of SATF, [Defendant] is . . . responsible for the operation, maintenance, practice and totality of conditions at SATF on Facility F.'" (Doc. 32 at 5.) Defendant further contends that to the extent Plaintiff is attempting to rely on those allegations to "make out an official capacity claim, that claim is barred by the Eleventh Amendment." (*Id.*)

In his reply, Plaintiff concedes that he received fair notice as to Defendant's second affirmative defense (Doc. 36 at 1); thus, his motion to strike Defendant's second affirmative defense should be denied.

### 3. *The Third Affirmative Defense*

Defendant's third affirmative defense states: "Plaintiff's own conduct contributed to his damages, if any." (Doc. 30 at 10.)

Plaintiff contends Defendant "fails to set forth any facts to suggest why they [sic] think this is so." (Doc. 31 at 4.)

Defendant contends his affirmative defense "states that Plaintiff's own actions contributed to any harm he alleges he suffered" and that the affirmative defense's "entirety provides Plaintiff with fair notice of Defendant's intent to argue that to the extent Plaintiff claims Defendant's conduct caused him harm, Plaintiff's conduct contributed to his damages and injuries." (Doc. 32

at 6.) Defendant further contends "there is no pleading requirement under Federal Rule of Civil Procedure 8 that requires an explanation as to why Defendant 'think this is so.'" (*Id*.)

In his reply, Plaintiff contends Defendant failed to give fair notice of the third affirmative defense and "inappropriately pled that Plaintiff's own conduct contributed to his injuries," citing two district court cases. (Doc. 36 at 2.)  Plaintiff cites to *Roe v. City of San Diego*, 289 F.R.D. 604, 611-612 (S.D. Cal. 2013) in support of his contention.

In *Roe*, Plaintiff sued the police chief and two police officers asserting three causes of action under 42 U.S.C. § 1983 for a violation of civil rights, unlawful custom and practice, and violation of civil rights due to city wide policy. *Id*. at 607. Roe alleged Officer Arevelos sexually assaulted her while he was on duty, Arevelos had a history of such misconduct, ~~that~~ Arevelos' superior officer and the chief of police were aware of the misconduct and did nothing about it, and ~~that~~ the city routinely failed to discipline abusive and dishonest police officers. *Id*. In an affirmative defense to Plaintiff's complaint, Defendants asserted "that Plaintiff's negligence and carelessness 'proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exists." *Id*. at 611. Defendants also claimed the affirmative defense "goes to any failures on Plaintiff's part to mitigate her damages." *Id*.at 612.

After noting "negligence and failure to mitigate are two separate legal doctrines" (*id*.), the district court determined that "Defendants' affirmative defense does not give Plaintiff fair notice because it fails to advise her whether Defendants will argue that she was negligent before or after the alleged incident with Arevelos." *Id*. The Court further held that "this affirmative defense fails to give Plaintiff any indication regarding the conduct supporting the defense." *Id*.

Plaintiff also relies upon *Devermont v. City of San Diego*, No. 12-cv-01823 BEN (KSC), 2013 WL 2898342 (S.D. Cal. Jun. 14, 2013). Devermont filed suit against the City of San Diego, the police chief and the police officer who stopped him at a DUI checkpoint, *Id*., at *1, asserting nine causes of action, including "a violation of civil rights … through 'excessive force, false arrest, retaliation for exercising First Amendment rights, and conspiracy to deprive civil rights.'" *Id*. Plaintiff moved to strike Defendants' eleventh and twentieth affirmative defenses asserting comparative fault of Plaintiff. *Id*., at *6. The district court held:

5

> First, Defendants allege that Plaintiff's own negligence and carelessness "proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist." Second, Defendants assert that Plaintiff's own conduct caused the 'events at issue[].' [Fn. omitted] Neither defense is pled with sufficient particularity. A bare assertion of negligence or contributory fault without "any indication of the conduct supporting the defense" does not pass muster, even under the fair notice standard. *Roe*, 2013 WL 811796, at *6. The Court strikes the eleventh and twentieth affirmative defenses.

*Devermont*, 2013 WL 2898342, at *6. Here, even assuming the *Roe* and *Devermont* holdings would lead to the conclusion that Defendant's third affirmative defense fails to provide Plaintiff with fair notice or is insufficiently pled, Plaintiff's motion should be denied.

Motions to strike affirmative defenses are "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Brooks v. Bevmo! Inc.*, No. 2:20-cv-01216-MCE-DB, 2021 WL 3602152, at *1 (E.D. Cal. Aug. 13, 2021) (quoting *Dodson v. Gold Country Foods, Inc.*, No. 2:13-cv-00336-TLN-DAD, 2013 WL 5970410, at *1 (E.D. Cal. Nov. 4, 2013), citing *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003)). "'Accordingly, courts often require a showing of prejudice by the moving party before granting the requested relief.'" *Id.* (quoting *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013), citing *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005)). Where no such prejudice is demonstrated, motions to strike may therefore be denied "even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." *Id.* (quoting *New York City Employees' Retirement System v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). "[W]hether to grant a motion to strike lies within the sound discretion of the district court." *Id.* (quoting *California Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Because motions to strike are regarded with disfavor, and because Plaintiff has neither alleged nor demonstrated prejudice (*see* Doc. 31 & 36), Plaintiff's motion to strike Defendant's third affirmative defense should be denied.

//

//

### IV.     CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, IT IS RECOMMENDED that:

1. Plaintiff's motion to strike Defendant's affirmative defenses, filed October 29, 2021 (Doc. 29), be DENIED as moot;

2. Plaintiff's motion to strike Defendant's affirmative defenses, filed December 15, 2021 (Doc. 31), be DENIED as follows:

    a. Plaintiff motion to strike Defendant's first and second affirmative defenses be DENIED as moot in light of Plaintiff's concessions; and

    b. Plaintiff's motion to strike Defendant's third affirmative defense be DENIED on the merits.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 27, 2022**                          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE