UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. LOPEZ,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01203-JLT-BAK (SKO) (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEPOSITION**<br><br>(Doc. 40) |

Plaintiff Edward B. Spencer is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On April 4, 2022, Plaintiff filed a "Motion to Strike His Deposition from the Records." (Doc. 40.) On April 19, 2022, Defendant D. Lopez filed an opposition to the motion. (Doc. 41.) That same date, Defendant lodged the deposition transcript with the Court. (Doc. 41-1; *see also* Doc. 42 [Acknowledgment of Receipt].) Plaintiff did not file a reply.

**II.    DISCUSSION**

　　**A. The Parties' Positions**

Plaintiff moves to strike his deposition of March 28, 2022, contending he was not given reasonable notice pursuant to Federal Rule of Civil Procedure 30(b)(1). (Doc. 40 at 1.) Plaintiff

contends Federal Rule of Civil Procedure Rule 32(a)(5)(A) "affirmatively requires exclusion of a deposition taken on short notice" because the language of the rule is "mandatory" and "[f]ederal courts have no more discretion to disregard a Rule 32's mandate than they do to disregard constitution or statutory provisions." (*Id*. at 1-2) Plaintiff states his motion should be granted because "Defendant have [sic] failed to perform a mandatory duty by not providing Plaintiff with Notice of Deposition by ignoring **Rule 30(b)(1) of the Federal Rules of Civil Procedure**." (*Id*. at 2, emphasis in original.) Plaintiff includes a declaration under penalty of perjury stating he has "not received a Notice of Deposition for the deposition that was held on March 28, 2022," and that he "informed Defendant Attorney Garrett L. Seuell that he did not receive a Notice for this deposition." (*Id*. at 3.)

Defendant replies he timely provided notice by serving Plaintiff via United States Mail on March 10, 2022—having set the deposition for March 28, 2022, at 10:00 a.m. via videoconference. (Doc. 41 at 3.) Thus, Defendant contends Plaintiff had reasonable notice. (*Id*.) Defendant further contends that even assuming Plaintiff did not receive notice "due to an issue outside the Defendant's control," Plaintiff did not suffer any prejudice. (*Id*.) Plaintiff was afforded the opportunity to object on the record and proceed subject to that objection, or to move to terminate or limit his deposition pursuant to Federal Rule of Civil Procedure 30(c)(2) & (d)(3)(A). (*Id*.) Plaintiff did not do so. Defendant further contends that Plaintiff neither claimed he was unable to fully participate in the deposition or to fully and honestly respond to Defendant's questions, nor claimed any prejudice. (*Id*. at 3-4.) Defendant also contends that at no time did Plaintiff seek to reschedule the deposition or indicate he could not proceed. (*Id*. at 4.) Defendant requests that Plaintiff's motion be denied; alternatively, should Plaintiff's motion be granted, Defendant requests leave to re-notice and conduct Plaintiff's deposition. (*Id*. at 4.) Defendant's opposition is supported by the Declaration of Garrett L. Seuell and exhibits thereto. (*Id*. at 6-19.)

### B.  Applicable Legal Standards

The Discovery and Scheduling Order issued in this action provides:

> Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in prison, by video [fn. omitted] or in person, provided that, at least 14 days before

2

> such deposition, Defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).

(Doc. 27 at 2.)

Rule 30(b)(1) of the Federal Rules of Civil Procedure provides, in relevant part: "A party who wants to depose a person by oral question must give reasonable written notice to every other party. The notice must state the time and place of the deposition, and, if known, the deponent's name and address."

Federal Rule of Civil Procedure 32(a)(5)(A) provides that a "deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time and place – and this motion was still pending when the deposition was taken."

### C. Analysis

Plaintiff seeks to strike his March 28, 2022, deposition because he did not receive notice of the deposition. (Doc. 40.) Defendant has provided evidence that he served Plaintiff with a Notice of Deposition on March 10, 2022, via United States Mail, at Plaintiff's current institution. (Doc. 41 at 6, ¶ 2 & Ex. A.)

Mailing the notice of deposition to Plaintiff at his address on file in this action means service "is complete upon mailing." *See* Fed. R. Civ. P. 5(b)(2)(C); *see also Carter v. McGowan*, 524 F. Supp. 1119, 1121 (D. Nev. 1981) ("The plaintiff's claim that he never received notice of the taking of his deposition is not disputed. However, mailing of the notice to him at his last known address constituted service upon him. Fed.R.Civ.P. 5(b). Nonreceipt of the notice does not affect its validity"). Thus, even accepting that Plaintiff did not receive the notice as he declares, here, Defendant provided "reasonable notice to every other party" as required by Rule 30(b)(1) by virtue of mailing the notice on March 10, 2022.

Plaintiff's reliance on Rule 32(a)(5)(A) is misplaced as Defendant provided at least 14 days' notice of the deposition. Defendant provided 18 days' notice, having served Plaintiff on March 10, 2022, for a deposition scheduled for March 28, 2022. Defendant cannot therefore be faulted for Plaintiff's failure to receive the notice of deposition.

      Additionally, while the Court recognizes that Plaintiff's lack of notice means he had no opportunity to move for a protective order pursuant to Rule 32(a)(5)(A), Plaintiff did not object to having his deposition taken on March 28, 2022. Nor did he seek to reschedule the deposition. (*See* Doc. 41 at 16-17 [Ex. B].)  The Court will not penalize Defendant for Plaintiff's non-receipt of Defendant's properly served deposition notice—particularly where Plaintiff did not object to participating in the deposition despite lack of notice.

### III.    CONCLUSION AND ORDER

      For the reasons state above, Plaintiff's motion to strike his deposition (Doc. 40) is DENIED.

IT IS SO ORDERED.

Dated:   **May 27, 2022**                   /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE