UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>D. LOPEZ,<br><br>　　　　　Defendant. | Case No.  1:20-cv-01203-JLT-BAK (SKO) (PC)<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE THIRD AFFIRMATIVE DEFENSE**<br><br>(Doc. 48; Doc. 29; Doc. 31) |

Edward B. Spencer is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. In his complaint, Spencer asserts Lopez retaliated against Spencer for having filed of a grievance against Lopez at the correctional facility where Spencer is incarcerated, thereby violating his First Amendment rights. (Doc. 12 at 7.) Spencer also submitted a memorandum to the associate warden regarding apparent deficiencies with an ADA accessible shower in the facility. (*Id.*) After Spencer submitted the grievance and memorandum, he was transferred to an allegedly less desirable portion of the facility. (*Id.* at 7-9.)

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 27, 2022, the assigned magistrate judge issued findings and recommendations to deny Spencer's motions to strike affirmative defenses. (Doc. 48.) Following an extension of time, Spencer timely filed objections on July 7, 2022. (Doc. 53.)

1       According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Spencer's objections, the Court **ADOPTS in part** and **DECLINES to adopt in part** the finds the findings and recommendations. In particular, Spencer did not object to the denial of the motion to strike the first and second affirmative defense, and the Court adopts the magistrate judge's conclusions with respect to those defenses. However, Spencer's objections to the findings and recommendations regarding the third affirmative defense warrant additional consideration.

      Lopez's third affirmative defense states, in its entirety: "Plaintiff's own conduct contributed to his damages, if any." (Doc. 30 at 10.) Spencer argues this bare assertion of negligence or contributory fault does not satisfy the fair notice standard with which defendants must comply to properly plead an affirmative defense. (Doc. 36 at 2.) The magistrate judge reasoned that even if Lopez's third affirmative defense was insufficiently plead, Spencer had not shown prejudice such that the motion to strike should be granted. (Doc. 48 at 6.)

      "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Accordingly, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (internal quotations omitted). Many courts find that a motion to strike "should be denied unless the matter has no logical connection to the controversy at issue and *may* prejudice one or more of the parties to the suit." *Rivers v. Cnty. of Marin*, 2006 WL 581096, at *2 (N.D. Cal. Mar. 6, 2006) (emphasis in original). Granting a motion to strike may also be appropriate where it streamlines "the ultimate resolution of the action." *State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). Ultimately, the decision lies within the "sound discretion of the trial court." *Neilson*, 290 F. Supp. 2d at 1152. Upon granting motion and in the absence of prejudice to the movant, "leave to amend should be freely given." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

      The vast majority of cases in the Ninth Circuit evaluate whether to grant a Rule 12(f) motion to strike an affirmative defense on a "fair notice" standard, without a separate showing of

2

prejudice. *See, e.g. Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *see also Simmons v. Navajo Cnty., Ariz*, 609 F.3d 1011, 1023 (9th Cir. 2010) *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827; *see also Simmons*, 609 F.3d at 1023 (quoting *In re Gayle Sterten*, 546 F.3d 278, 285 (3d Cir. 2008) (noting that "the proper focus of our inquiry" is whether framing the defense as a denial of an allegation "specifically deprived [the plaintiff] of an opportunity to rebut that defense or to alter her litigation strategy accordingly")). Fair notice involves only "describing the defense in general terms." *Kohler*, 779 F.3d at 1019. "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016).

For affirmative defenses that allege plaintiff's contributory negligence or comparative fault, courts require the defendant to plead, at least in general terms, the conduct the defendant contends contributed to the plaintiff's injuries or damages. *Kaur v. City of Lodi*, 2015 WL 5560214, at *2-3 (E.D. Cal. Sep. 21, 2015) ("A bare assertion of negligence or contributory fault without 'any indication of the conduct supporting the defense' does not pass muster, even under the fair notice standard."). For example, in *Leos v. Rasey*, the court granted a motion to strike defendants' affirmative defenses claiming contributory negligence and failure to mitigate damages because it did not "set for *any* facts to suggest why they think this is so." 2016 WL 1162658, at *3 (E.D. Cal. Mar. 24, 2016) (emphasis in original); *see also Devermont v. City of San Diego*, 2013 WL 2898342, at *6 (S.D. Cal. Jun. 14, 2013) (striking affirmative defense that claimed plaintiff's own conduct caused the events at issue but providing no indication of what conduct supported defendants' claim).

In addition, in *Roe v. City of San Diego*, the affirmative defense that "Plaintiff's negligence and carelessness proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist" did not surpass the fair notice standard. 289 F.R.D. 604, 611-12 (S.D. Cal. 2013) (internal quotations omitted). The court found the

affirmative defense improperly contained two separate legal doctrines because it failed to clarify whether it concerned the plaintiff's conduct before or after the injury, therefore, implicating both contributory negligence and the failure to mitigate damages. *Id.*

In contrast, general descriptions of plaintiff's conduct which allegedly contributed to the injuries or damages provides fair notice and satisfies the pleading standard for affirmative defenses. For instance, the court denied a motion to strike where the defense attributed plaintiff's contributory negligence to his "failure to cooperate with WELLS, disregard his lawful requests, and the decedent's ultimate decision to possess a firearm during his contact with the defendant resulted in his death." *L.F. v. City of Stockton*, 2018 WL 3817558, at *7 (E.D. Cal. Aug. 9, 2018). Unlike in *Roe* and *Devermont*, this pleading provided "fair notice by specifying alleged conduct" to support the defense. *Id.*

Lopez's affirmative defense, however, does not provide fair notice. Rather, it mirrors the defenses in *Leos* and *Roe* because it does not describe plaintiff's conduct he believes to have been negligent or which supports his defense. Lopez simply claims, "Plaintiff's own conduct contributed to his damages, if any." (Doc. 30 at 10.) The bare assertion of "Plaintiff's own conduct" gives no indication of what actions or inactions Spencer took that Lopez believes contributed to Spencer's injuries or damages. Just as in *Leos*, the defense is devoid of *any* facts regarding Spencer's alleged contributory negligence. *See Leos*, 2016 WL 1162658, at *3 (striking the affirmative defense claiming "Plaintiff contributed to his injuries and that he has failed to mitigate his damages"). Moreover, like in *Roe*, the defense fails to specify whether Spencer's actions before or after his injury supposedly contributed to his damages, improperly implicating two defenses: contributory negligence and failure to mitigate damages. Because Lopez's third affirmative defense fails the fair notice standard, the Court **GRANTS** Plaintiff's motion to strike Lopez's third affirmative defense with leave to amend Lopez's answer (Doc. 30).

**ORDER**

For the reasons set forth the above,

1. The findings and recommendations issued on May 27, 2022 (Doc. 48) are **ADOPTED in part** and **DECLINED to adopt in part** as described above.

2. Spencer's motions to strike Lopez's affirmative defenses (Doc. 29 & 31) are **GRANTED** in part, as to Lopez's third affirmative defense.

3. Lopez's third affirmative defense is **STRICKEN with leave to amend** (Doc. 30).

IT IS SO ORDERED.

Dated:   **August 11, 2022**

UNITED STATES DISTRICT JUDGE