UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>            Plaintiff,<br><br>      v.<br><br>D. LOPEZ,<br><br>            Defendant. | Case No. 1:20-cv-01203-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(Doc. 60) |

Plaintiff Edward B. Spencer is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**RELEVANT PROCEDURAL BACKGROUND**

The Court issued its Discovery and Scheduling Order on October 22, 2021. (Doc. 27.)

On March 10, 2022, the Court issued its Order Granting Defendants' Motion to Modify Discovery and Scheduling Order. (Doc. 39.) Specifically, the Court extended the deadline for the completion of all discovery, including the filing of motions to compel, to April 5, 2022. (*Id*.)

On May 17, 2022, the Court issued its Order Granting Defendants' Motion to Modify Discovery and Scheduling Order and to Stay Dispositive Motion Deadline. (Doc. 45.) In particular, the dispositive motion deadline was stayed, and the Court indicated it would "lift the stay and reset any discovery deadline as appropriate" following resolution of Plaintiff's then-

pending motion to strike his deposition. (*Id*.)

Eventually, following extended proceedings specific to Plaintiff's motion to strike his deposition (*see* Docs. 49, 52, 55), on August 25, 2022, this Court issued its Order Lifting Stay of Dispositive Motion Deadline and Setting Deadline for the Filing of Dispositive Motions. (Doc. 56.) Pursuant to that order, the parties were required to file any dispositive motions by October 24, 2022. (*Id*. at 2.)

On October 21, 2022, the Court issued an Order Granting Defendant's Request for a 45-Day Extension of Time. (Doc. 59.) Specifically, the deadline for the filing of dispositive motions was extended from October 24, 2022, to December 8, 2022. (*Id*.)

On October 31, 2022, Plaintiff filed a document titled "Plaintiff's Notice of Motion and Motion to Compel Defendants to Have Plaintiff View Deposition Transcript." (Doc. 60.) Although the time for filing an opposition has not passed, the Court finds one unnecessary.

**DISCUSSION**

Plaintiff seeks an order of this Court compelling Defendants to allow Plaintiff to review his deposition transcript. (Doc. 60.) Plaintiff contends Defendants have replied to his previous requests for the deposition transcript by advising Plaintiff that he "would have to get a copy" and "pay for" a copy of the deposition transcript. (*Id*. at 3-4.)[1] Plaintiff argues a deponent "has right to review transcript or other recording" from a deposition citing to Federal Rule of Civil Procedure 30(e)(1). (*Id* at 3.)

Federal Rule of Civil Procedure 30(e) states:

> **(e) Review by the Witness; Changes**.
>
> (**1**) *Review; Statement of Changes*. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (**A**) to review the transcript or recording; and
>
> (**B**) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

---

[1] Plaintiff did not provide copies of defense counsel's purported correspondence on dates in March 2022 and October 2022 (the precise dates handwritten in Plaintiff's motion are illegible); rather, Plaintiff summarized the content.

> **(2) *Changes Indicated in the Officer's Certificate*.** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Plaintiff is not entitled to review his deposition.

First, Plaintiff's request is untimely, both pursuant to Rule 30(e) and this Court's discovery and scheduling order. Plaintiff's deposition was taken March 28, 2022. (Docs. 40, 41, 41-1.)

Rule 30(e)(1) provides a party may review the deposition if request is made by the deponent "*before the deposition is completed* …." (Emphasis added.) Plaintiff alleges and declares that on "March 28, 2022" he "requested to view deposition transcript and was informed that [he] would have to get a copy of the deposition transcript and pay for the copy." (Doc. 60 at 3-4.) Plaintiff's assertion is contradicted by the record. The Reporter's Certificate dated April 8, 2022, appended to portions of Plaintiff's deposition transcript filed with this Court, provides that "a review of the transcript by the deponent was not requested." (*See* Doc. 41 at 18.) And, Plaintiff's October 11, 2022, request to Defendants plainly was untimely as it was made more than six months after his deposition was taken.

In any event, even had Plaintiff's request to review his deposition transcript been timely, his motion to compel review of that transcript is not.

While the Court extended the deadline for the completion of all discovery, including the filing of motions to compel, to April 5, 2022 (Doc. 39), it never extended that deadline beyond April 5, 2022.[2] Plaintiff apparently was aware at or near the time of his deposition that his request to view the transcript was not acted upon, according to his own motion, yet Plaintiff never sought an extension of the deadline for the completion of all discovery, to include the filing of motions to compel. Hence, Plaintiff's October 31, 2022, motion is untimely as it was filed well after the applicable deadline.

///

---

[2] Extending the deadline for the filing of dispositive motions does not operate to allow any party to file a motion to compel. A dispositive motion deadline concerns the filing of motions for summary judgment, rather than discovery motions. The two deadlines have always been separate and distinct.

3

To the extent Plaintiff challenges the Defendants' alleged reference to Plaintiff having to pay for the cost of a copy of the deposition transcript, Plaintiff's challenge fails. A prisoner proceeding *in forma pauperis* is not entitled to a free transcript of his deposition taken by defendants in civil rights suit. *See, e.g.*, *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (finding that the *in forma pauperis* statute does not provide "for the payment by the government of the costs of deposition transcripts, or any other litigation expenses"); *St. Hilaire v. Winhelm*, 79 F.3d 1154 (9th Cir. Mar. 18, 1996) (unpublished) (same, citing *Tabron*); *Picozzi v. Clark County Detention Center*, Case No. 2:15-cv-00816-JCM-PAL, 2017 WL 1023343, at *1-2 (D. Nev. Mar. 15, 2017) (discovery provisions do not entitle a plaintiff to a free copy of his deposition transcript).

**CONCLUSION AND ORDER**

For the reasons given above, IT IS HEREBY ORDERED that Plaintiff's motion to compel (Doc. 60) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 4, 2022**

UNITED STATES MAGISTRATE JUDGE