UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. LOPEZ,<br><br>　　　　　　Defendant. | Case No. 1:20-cv-01203-JLT-CDB (PC)<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO SEAL WITHOUT PREJUDICE** (Doc. 62)<br><br>**ORDER SETTING STATUS CONFERENCE VIA ZOOM VIDEOCONFERENCE**<br><br>**ORDER STAYING SUMMARY JUDGMENT BRIEFING** |

　　　　Plaintiff Edward B. Spencer is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on a First Amendment retaliation claim against Defendant D. Lopez.

　　　　On December 5, 2022, Defendant filed a Notice of Request to File Documents Under Seal in Support of Defendant's Motion for Summary Judgment. (Doc. 62.)  On December 14, 2022, Plaintiff filed his opposition to Defendant's request to seal. (Doc. 67.)  On December 20, 2022, Defendant replied to Plaintiff's opposition.  (Doc. 68)

　　　　Based on Defendant's filings and proposed under-seal submissions, it is clear Defendant seeks not only to seal documents, but to withhold the submissions and documents to be sealed from Plaintiff, seek *ex parte* and *in camera* review of the documents by the Court, and ask the Court to rely on the documents in connection with Defendant's pending motion for summary

judgment.

Having reviewed the parties' submissions, the supporting declarations of J. Barba, D. Lopez, and Garrett Seuell, and the pleadings, the Court concludes that while Defendant has met his burden of establishing compelling reasons for the sealing of his submissions and documents, *ex parte* and *in camera* review by the Court is improper.  Accordingly, the Court will retain Defendant's submissions relating to the request for sealing but deny the motion without prejudice, convene a status conference to discuss the issues set forth herein, and stay briefing in connection with Defendant's pending motion for summary judgment.

## I.  DEFENDANT'S REQUEST TO SEAL PURSUANT TO LOCAL RULE 141

Defendant requests this Court to file Exhibit B to the declaration of Defendant Lopez under seal. (Doc. 62 at 1.)  In his publicly filed Notice, Defendant represents that Exhibit B is a December 15, 2019 confidential memorandum authored by Defendant.  The memorandum relates to an investigation arising from allegations contained in a December 11, 2019 memorandum submitted by Plaintiff concerning a shower facility on Facility F. (*Id*. at 1-2.) Defendant asserts disclosure of the document would violate the privacy rights of certain confidential sources, endanger those sources' lives, and jeopardize the safety and security of various CDCR institutions. (*Id*. at 2.) Defendant notes his "request to seal, the document at issue, and a proposed order have been sent by email to the Court, but were not filed, consistent with Local Rule 141(b)," and that "Defendant has served Plaintiff with this notice of his request and the proposed order *but has not served him with the request or document he seeks to have sealed.*" (*Id*., emphasis added.) Defendant asserts Plaintiff is prohibited from receiving that information pursuant to section 3321(a) of Title 15 of the California Code of Regulations. (*Id*.)

### A.  Applicable Legal Standards

#### 1.  Requests to Seal

Federal courts have recognized a strong presumption that judicial records are accessible to the public. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

1   1122, 1135 (9th Cir. 2003)). Generally, if a party seeks to seal a document in support of a
2   dispositive motion, the party bears the burden of overcoming this presumption by articulating
3   "'compelling reasons supported by specific factual findings'" to justify sealing the records at
4   issue. *Kamakana*, 447 F.3d at 1178 (quoting *Foltz*, 331 F.3d at 1135).

5   "Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,'
6   base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without
7   relying on hypothesis or conjecture.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th
8   Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). In general, when
9   "'court files might have become a vehicle for improper purposes' such as the use of records to
10  gratify private spite, promote public scandal, circulate libelous statements, or release trade
11  secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure.
12  *Kamakana*, 447 F.3d at 1179 (internal citations & alterations omitted). However, "[t]he mere fact
13  that the production of records may lead to a litigant's embarrassment, incrimination, or exposure
14  to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*,
15  331 F.3d at 1136). "What constitutes a 'compelling reason' is 'best left to the sound discretion of
16  the trial court.'" *Id*. (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).
17  Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under
18  seal without redaction." *Id*.

19  Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule
20  provides that documents may be sealed by order of the court upon the showing required by law.
21  L.R. 141(a). The party making the request must "set forth the statutory or other authority for
22  sealing, the requested duration, the identity, by name or category, of persons to be permitted
23  access to the other documents, and all other relevant information." L.R. 141(b).

24                    **2.  Requests for *Ex Parte* and *In Camera* Review**

25  Defendant's request to withhold from Plaintiff all of Defendant's sealed submissions,
26  including the confidential memorandum he proposes to be sealed (Ex. B to Doc. 63-5 [Lopez
27  Declaration]), presents a separate question from the merits of sealing.  Moreover, that Defendant
28  seeks to rely materially on the information he seeks to withhold from Plaintiff in connection with

1    a dispositive motion raises fundamental concerns regarding the adversarial process. It is "'the
2    firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*,
3    *in camera* submissions." *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th
4    Cir. 1995) (quoting *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986)). That in part is
5    because, "[w]ithout any opportunity for confrontation, there is no adversarial check on the quality
6    of the information" the proffering party seeks to withhold and rely upon. *Id*. This general rule
7    does not foreclose the possibility that certain exigent circumstances permit a court to consider
8    information that is not disclosed to the other party. *Id.*

### B. Analysis

The Court has preliminarily reviewed Defendant's request to seal and supporting documentation, Plaintiff's opposition, Defendant's reply and Defendant's motion for summary judgment.

Defendant's motion for summary judgment relies, in part, upon Exhibit B to support his position that summary judgment should be granted in his favor on Plaintiff's retaliation claim. Specifically, numbers 4 through 8 of Defendant's Undisputed Material Facts (UDF) rely upon Exhibit B. (Doc. 63-3, ¶¶ 4-8.) Of particular note are the following UDFs:

> On December 11, 2019, Defendant Lopez interviewed confidential informants about Plaintiff's memorandum in an effort to identify any possible safety hazards in the Facility F showers. During the confidential interviews, Lopez was informed that the allegation in Plaintiff's memorandum did not occur.
>
> On December 15, 2019, a confidential informant approached Defendant Lopez and informed him that Plaintiff made derogatory remarks about him to other inmates related to Plaintiff's memorandum. After an investigation, and based on the confidential informant's statements, Lopez believed a safety/enemy situation existed in Facility F between Plaintiff and the confidential informant.

(*Id*. at ¶¶ 4-5.)

Some district courts within the Ninth Circuit have granted requests like the one here by the California Office of the Attorney General (COAG) to seal and withhold from a *pro se* prisoner litigant confidential materials the COAG seeks to rely on in support of a motion for summary judgment. *E.g., Lees v. Mariscal*, 2022 WL 4591794, at *3 (N.D. Cal. Sept. 29, 2022);

*Williams v. Kernan*, 2019 WL 1207454, at *8 (N.D. Cal. Mar. 14, 2019).

Indeed, a district judge of this Court granted a similar request in *Martinez v. Cathey*, No. CVF026619RECLJOP, 2006 WL 224400, at *5 (E.D. Cal. Jan. 30, 2006).  However, in that case, the plaintiff did not oppose defendants' application to the district court to review the magistrate judge's denial of *in camera* review (*id.* at *1), whereas Plaintiff here has filed an opposition. (Doc. 67.)  Moreover, in granting defendants' request to withhold sensitive documents from a prisoner litigant in *Martinez*, the Court relied on cases where the confidential materials sought to be withheld from the plaintiffs were relevant to the narrow question of whether the prison disciplinary committees at issue in those cases acted arbitrarily by accepting confidential information without some indication of the reliability of the information.  *Id*. at *4 (citing *Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1997) and *Mendoza v. Miller*, 779 F.3d 1287, 1291 (7th Cir. 1985)).  The facts and posture of this case are quite different.

At least one district court recently has declined a request by the COAG to seal and withhold confidential materials from a prisoner litigant that the COAG sought to rely upon in support of its motion for summary judgment.  *E.g., Jones v. Gollette*, 2022 WL 17408671, at *2-3 & n.1 (C.D. Cal. July 25, 2022).  In similar circumstances, another district court within the Ninth Circuit likewise declined to consider *ex parte, in camera* submissions filed in support of dispositive motions.  *See Moore v. Garnand*, 2020 WL 95473, at *1-2 (D. Ariz. Jan. 8, 2020). And in a recent unpublished decision, a panel of the Ninth Circuit reiterated that a district court may not grant summary judgment against a *pro se* prisoner litigant based on material information not disclosed to him.  *Devine v. Chapman*, 2022 WL 2805120, *1 (9th Cir. July 18, 2022) (remanding to district court to determine whether body camera footage material to grant of summary judgment had been produced to plaintiff).

To the extent Defendant has moved to file the confidential memorandum at issue under seal *and* withhold it from production to Plaintiff, the Court is inclined to require Defendant to file an amended request—one that can be served on Plaintiff.  Local Rule 141(b) states, in pertinent part: "Except in matters in which it is *clearly appropriate not to serve* the 'Request to Seal Documents,' proposed order, and/or documents upon the parties, … all Requests, proposed

5

orders, and submitted documents shall be served on all parties on or before the day they are submitted to the Court." (Italics added.)  The Court does not find it is "clearly appropriate not to serve" Plaintiff with the request in this case. It seems clear from Defendant's own filing that Plaintiff is aware of the general nature, or some part of it—including the identity of a confidential source—of the information that Defendant now seeks to have sealed, undercutting Defendant's assertion that the information endangers the confidential sources identified therein. And consistent with Ninth Circuit authority cited above, at least some disclosure to Plaintiff should occur where the dispositive motion now pending has the potential to terminate this action in its entirety in Defendant's favor. While the Court agrees that *sealing* the document from public disclosure may be appropriate, prohibiting Plaintiff from viewing the document in some fashion, is not.

Defendant's invocation of the California Code of Regulations as a basis to withhold production to Plaintiff of the confidential information is similarly unavailing.  Defendant seems to argue that because these materials are confidential for correctional purposes, keeping them from Plaintiff is appropriate in these proceedings as well. *See* Cal.Code Regs. tit. 15, § 3121(a)(1)-(2). But these regulations do not govern civil procedure in this Court. Though the confidential and sensitive nature of documents might be relevant as to whether the documents should be under seal at all, it does not bear on whether using the materials against Plaintiff without his knowledge of their contents is appropriate.

The Court is aware of no case in which the Ninth Circuit affirmed the granting of a request by defendants to use documents filed under seal in a motion for summary judgment against a *pro se* prisoner litigant raising civil rights claims where the prisoner was prevented from viewing the evidence filed under seal.  To the contrary, the Ninth Circuit in *Am.-Arab Anti-Discrimination Comm.* set forth that a court may not dispositively decide a case based on *ex parte*, *in camera* documents not shared with the proffering party's adversary.

The Court believes it may be possible for Defendant's sealing submissions and confidential exhibit to be redacted in a manner such that the materials could be shared with Plaintiff in a controlled environment, thereby reducing concerns about safety and security.

6

Accordingly, as set forth below, the Court will convene a status conference to discuss how the parties wish to proceed. Should Defendant wish to provide a redacted version of the December 15, 2019 memorandum prior to the status conference, the Court will consider it beforehand.

## II.     PARTIES TO CONVENE FOR STATUS CONFERENCE

Anticipating a renewed request to seal, the Court sets a Status Conference to address the issues discussed herein on **January 25, 2023, at 10:00 a.m. via Zoom videoconference.** The purpose of the hearing will include a discussion of reasonable measures Defendant might take that would allow Plaintiff the opportunity to view Exhibit B in some alternative fashion, *e.g.*, providing the document for Plaintiff's review only (not to provide a copy that Plaintiff may maintain in his possession), in a supervised setting at Plaintiff's current housing facility, perhaps with the assistance of the facility's litigation coordinator. Or, alternatively, the possibility of providing Plaintiff with a redacted version of Exhibit B. Such alternatives would allow Plaintiff to visually inspect the information that will be used by Defendant as he seeks summary judgment on Plaintiff's claim and serve to protect the specific confidentiality concerns identified by Defendant.

The status conference will be held via Zoom videoconferencing. Defense counsel shall arrange for Plaintiff's participation. Prior to the status conference, defense counsel shall contact the undersigned's courtroom deputy at SHall@caed.uscourts.gov for the Zoom videoconference connection information. The Court will issue a writ of *habeas corpus ad testificandum* to allow for Plaintiff's participation, as appropriate.

## III.    STAY OF SUMMARY JUDGMENT BRIEFING

Pending resolution of the issue surrounding Defendant's anticipated request to seal Exhibit B to Defendant Lopez's declaration in support of the motion for summary judgment, briefing will be stayed. Following resolution of this issue, the Court will (1) allow for any supplemental briefing by Defendant, if necessary; (2) reset a deadline for Plaintiff's opposition to the motion for summary judgment, and (3) allow for any reply by Defendant in compliance with the Local Rules prior to submission for decision to the Court.

**IV.   CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's Notice of Request to Seal (Doc. 62) is DENIED without prejudice;
2. A Status Conference is set for **January 25, 2023, at 10:00 a.m**., via Zoom video conference, before the undersigned; and
3. Summary judgment briefing is STAYED pending further order of this Court.

IT IS SO ORDERED.

Dated:   **December 21, 2022**                              _____
                                                                                       UNITED STATES MAGISTRATE JUDGE